# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3626

_____

| | | |
|---|---|---|
| In re: Access Air, Inc. | * | |
| | * | |
| Debtor | * | |
| | * | |
| _____ | * | |
| | * | Appeal from the United States |
| Anita L. Shodeen | * | Bankruptcy Appellate Panel for |
| | * | the Eighth Circuit. |
| Appellee, | * | |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| Airline Software, Inc. | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2006
Filed: January 30, 2006

_____

Before BYE and COLLOTON, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

This is an appeal from the United States Bankruptcy Appellate Panel for the Eighth Circuit, which affirmed a decision of the United States Bankruptcy Court for

_____

[1]The Honorable Andrew Bogue, United States District Judge for the District of South Dakota, sitting by designation.

the Southern District of Iowa[2] in a dispute between Airline Software, Inc., and Anita Shodeen, the Trustee in the bankruptcy of Access Air, Inc. The Trustee filed a preference action under 11 U.S.C. § 547(b), seeking to avoid six payments, totaling $103,006.75, made by Access Air to Airline Software during the preference period. At trial before the bankruptcy court, Airline Software asserted that the transfers could not be avoided because Access Air remitted the payments in the ordinary course of business, *see* 11 U.S.C. § 547(c)(2) (2000), and because Airline Software provided new value to Access Air after receiving some of the payments, *see id*. § 547(c)(4). The bankruptcy court, finding among other things that the testimony of Airline Software's president was not credible, concluded that Airline Software failed to meet its burden of proof to show that the Trustee could not avoid the preferential transfers, and thus entered judgment for the Trustee. In a thorough opinion, the BAP affirmed.

On appeal to this court, Airline Software reiterates several contentions rejected by the BAP, and urges other grounds for reversal that were not advanced before the BAP. We decline to consider those arguments raised for the first time in this court. *In re Trism, Inc.*, 328 F.3d 1003, 1008 (8th Cir. 2003). The remaining points amount to challenges to the factual findings of the bankruptcy court, and they were discussed in detail by the BAP. Agreeing with the analysis of that panel, and having nothing to add, we summarily affirm based on the 17-page opinion of the BAP. *See* 8th Cir. R. 47B.

_____

---

[2]The Honorable Russell J. Hill, United States Bankruptcy Judge for the Southern District of Iowa.